ORIGINAL

RATTET, PASTERNAK & GORDON OLIVER, LLP
Attorneys for Debtor/Plaintiff Arrow Seafoods, Inc.
550 Mamaroneck Avenue, Suite 510
Harrison, New York 10528
(914) 381-7400

Robert L. Rattet (RR-2947)
Jonathan S. Pasternak (JP-6107)
Julie A. Cvek (JC-9171)

**08 CIV. 1325**

**JUDGE CONNER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:

Arrow Seafoods, Inc.,

United States Bankruptcy Court -
SDNY
Case No. 06-12790

                                                Debtor.
-----------------------------------------------------------------------X
Arrow Seafoods, Inc.,

                                       Plaintiff,

Index No. 15331/07
(Supreme Court of the State of
New York – Bronx County)

               -against-

Chenonceaux, Inc. d/b/a Portier Fine Foods,

08 CV _____

                                      Defendant.
-----------------------------------------------------------------------X

## <u>NOTICE OF REMOVAL</u>

**TO THE HONORABLE DISTRICT COURT JUDGE
ASSIGNED TO THESE PROCEEDINGS:**

      Arrow Seafoods, Inc., the above-captioned Plaintiff ("Arrow" or the "Plaintiff"), by its

attorneys Rattet, Pasternak & Gordon-Oliver, LLP, respectfully provides notice to this Court of

removal of the above-captioned action from the Supreme Court of the State of New York,

County of Bronx, to the United States District Court for the Southern District of New York, and

respectfully represents as follows:

1.      On or about May 18, 2007, the Plaintiff commenced the above-captioned action by the filing of a Summons and Complaint against Chenonceaux Inc. d/b/a Portier Fine Foods, (the "Defendant") in the Supreme Court, County of Bronx (the "State Court"). A copy of the Summons and Complaint is annexed hereto as Exhibit "A".

2.      The action has been assigned Index Number 15331-2007 in the State Court.

3.      The Plaintiff was not served with Defendant's answer to the Complaint. On or about August 7, 2007, the Plaintiff obtained a Statement for Judgment, a copy of which is annexed hereto as Exhibit "B".

4.      Thereafter, by Order to Show and Affirmation in Support, the Defendant sought to vacate the default and judgment, which as entered by the State Court. A copy of the Order to Show Cause, Affirmation in Support and related exhibits thereto as annexed hereto as Exhibit "C". The Affirmation in Support stated that an answer to the Complaint was prepared, but an Affidavit of Service was not prepared and thus service of same could not be established. A copy of the Verified Answer dated June 15, 2007 in annexed hereto as Exhibit "D".

5.      By Stipulation dated October 19, 2007, the Plaintiff and Defendant resolved the Order to Show Cause by agreeing, *inter alia*, to vacate the default and judgment and further permitting the Plaintiff to serve an Amended Complaint. A copy of the Stipulation is annexed hereto as Exhibit "E"

6.      Pursuant to the terms of the Stipulation, Plaintiff served a Summons with Amended Verified Complaint, a copy of which is annexed hereto as Exhibit "F".

7.      Defendant duly answered the Amended Complaint on or about December 12,

2

2007, a copy of which is annexed hereto as Exhibit "G".

8.      The aforementioned papers comprise all "process and pleadings" within the meaning of 28 U.S.C. Sections 1446(a) and 1452 in the removed proceeding.

9.      The Automatic Stay does not apply to these proceedings.

10.     This Notice of Removal is being timely filed pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure.

11.     This action is a "core proceeding" within the meaning of 28 U.S.C §157(b)(2)(A), (B), (C) and (O) in that the action concerns: (i) the continuity of business operations of the Debtor and identity of management; and (ii) collection of estate assets. The Debtor is currently liquidating its assets so that it may proceed in filing a Chapter 11 Liquidating Plan. The monies recovered to the Debtor's estate are directly for the benefit of its general unsecured creditor constituency.

12.     On or about November 26, 2006, Arrow Seafoods, Inc. filed voluntary petitions pursuant to Chapter 11 of the Code, Case No. 06-12790, and have been continued in possession of its businesses, management of its properties and management of its affairs as provided in 11 U.S.C. §§ 1101, 1107 and 1108.

13.     Pursuant to 28 U.S.C. Section 1334(d) and the permanent order of reference of the United States District Court for the Southern District of New York issued pursuant to 28 U.S.C. §157, the Bankruptcy Court has exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of the case, and of property of the estate, as well as the determination and allowance of claims against the Estate. Consequently, the above captioned action, which involves the recovery of the assets of the Debtor's estate as well as the proper

administration of the Debtor's bankruptcy estate, should be decided by the Honorable Judge assigned to these proceedings. Therefore, upon removal, this Civil Proceeding should be referred to the Honorable Stuart M. Bernstein, Chief U.S. Bankruptcy Judge, assigned to the bankruptcy case for administration.

14.    This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1334, and is one which may be removed to this Court by the Debtor pursuant to the provisions of 28 U.S.C. Section 1452, in that the matter in controversy is a civil action which is a core proceeding and central to the administration of the bankruptcy case.

Dated: Harrison, New York
      February 11, 2008

RATTET, PASTERNAK & GORDON- OLIVER, LLP
Attorneys for the Debtor/Plaintiff Arrow Seafoods, Inc.
550 Mamaroneck Avenue, Suite 510
Harrison, New York 10528
(914) 381-7400

By: _____
      Julie A. Cvek (9171)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.

15331-07

ARROW SEAFOODS INC.

Plaintiff(s)

-against-

CHENONCEAUX INC. d/b/a PORTIER FINE FOODS

Defendant(s)

*Plaintiff designates* BRONX
*County as the place of trial.*

*The basis of the venue designated is:*
The Plaintiff resides in
the County of Bronx

**Summons**

*Plaintiff resides at:*800 Food Center Drive
*Unit 66, Bronx, NY 10474*
*in the County of* BRONX

To the above named defendant(s)

**You are hereby summoned** to *answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York) : and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded, herein.*

*Dated,* New York, NY
          April 25, 2007

*Defendant's Address:*
436 Waverly Ave.
Mamaroneck, NY  10543

GOLDMAN, FRIER, & ALTESMAN
*Attorneys for Plaintiff*
*Post office Address & Telephone*
Seven Dey Street
New York, NY 10007
212-732-6640

SUPREME COURT OF THE STATE OF NEW YORK        *Index No.*
COUNTY OF BRONX

                                              15331/07

ARROW SEAFOODS INC.

                                    *Plaintiff(s)*

            vs.

CHENONCEAUX INC. d/b/a PORTIER FINE FOODS

                                    *Defendant) s)*

                          ***SUMMONS***
                        *Action not based*
                *upon a Consumer Credit Transaction*

                  **GOLDMAN, FRIER, & ALTESMAN**
                        *Attorneys for Plaintiff*
                        **SEVEN DEY STREET**
                        **NEW YORK, NY 10007**
                          **212-732-6640**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  BRONX
----------------------------------------X
ARROW SEAFOODS INC.

                       Plaintiff,

         -against-
CHENONCEAUX INC. d/b/a PORTIER FINE FOODS

                       Defendant.
----------------------------------------X

COMPLAINT

15331-r7

INDEX NO.

Plaintiff, complaining of the defendant, by its attorneys, GOLDMAN, FRIER & ALTESMAN, respectfully alleges as follows:


FIRST:           At all times herein mentioned, plaintiff was and still is a New York corporation organized and existing under and by virtue of the laws of the State of New York existing at 800 Food Center Drive, Unit 66, Bronx, NY  10474 in the County of Bronx.


SECOND:          Upon information and belief, defendant is a New York corporation having its principal place of business at 436 Waverly Avenue, Mamaroneck, NY 10543 in the County of WESTCHESTER.


## AS AND FOR A FIRST CAUSE OF ACTION

THIRD:           That pursuant to the defendant's special instance and request plaintiff sold and delivered to the defendant certain goods, wares and merchandise consisting of fish and or seafood on or about June 13, 2006 to December 22, 2006 for an agreed price and reasonable value upon which there remains an unpaid balance due and owing in the sum of $135,121.69 no part of which sum has been paid although past due and duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION

FOURTH:         Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "FIRST", "SECOND" and "THIRD" of plaintiff's Complaint as if set forth herein at length.

FIFTH:          This is an action for an account stated. On or about December 22, 2006 a statement of account was rendered to the defendant by the plaintiff on which statements, after any payments and credits have been deducted total the sum of $135,121.69 which was accepted and retained by the defendant without objection.

WHEREFORE, plaintiff demands judgment against the defendant in the sum of $135,121.69 as well as interest from June 13, 2006, costs and disbursements in this action on the "FIRST" and "SECOND" causes of action with such other and further relief as to this Court seems proper.

Yours, etc.
GOLDMAN, FRIER & ALTESMAN
Attorneys for Plaintiff
Office & P.O. Address:
Seven Dey Street
New York, New York 10007
(212) 732-6640

C:\My Documents\GFA\GFA LEGAL FORMS\SUPREME COURT SUMMONS AND COMPLAINTS\SUPREME-GSD .doc

TE OF NEW YORK, COUNTY OF                                    ss.:

undersigned, an attorney admitted to practice in the courts of New York State,

**Certification By Attorney** certify that the within

has been compared by me with the original and found to be a true and complete copy.

**Attorney's Affirmation** state that I am

the attorney(s) of record for

action; I have read the foregoing                                    in the within

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters and know the contents thereof;

I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

m that the foregoing statements are true, under the penalties of perjury.

I:

TE OF NEW YORK, COUNTY OF    BRONX                        ss.:

..........................................................

The name signed must be printed beneath

undersigned, being duly sworn, depose and say: I am

**Individual Verification** in the action; I have read the foregoing

and know the contents thereof; the same is true to my own knowledge, except

as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

**Corporate Verification** the *VICE PRESIDENT* of    ARROW SEAFOODS INC.

a    NEW YORK                                    corporation and a party in the within action; I have read the foregoing

----------COMPLAINT---------- and know the contents thereof; and the same is true to my own knowledge,

except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This

verification is made by me because the above party is a corporation and I am an officer thereof.

rounds of my belief as to all matters not stated upon my own knowledge are as follows:

n to before me on

Jane M Murphy Notary Public
...e Of New York No. 03-4652858
...lified In Bronx County
...icate Filed In New York City
Commission Expires 9/30/09

X ............................................
The name signed must be printed beneath

ROBERT   SMITH

E OF NEW YORK, COUNTY OF                                    ss.:        (If more than one box is checked—indicate after names type of service used.)

undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

I served the within

**Service By Mail** by mailing a copy to each of the following persons at the last known address set forth after each name below.

**Personal Service on Individual** by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served

to be the person mentioned and described in said papers as *a party therein:*

**Service by Electronic Means** by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL

at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a

**Overnight Delivery Service** copy to the address set forth after each name.

by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name

below.

ARROW SEAFOODS INC.

                                    Plaintiff,

            -against-

CHENONCEAUX INC. d/b/a PORTIER FINE FOODS

                                    Defendant.

---

SUMMONS AND VERIFIED COMPLAINT

---

**GOLDMAN, FRIER, & ALTESMAN**
Attorneys for  Plaintiff
Office and Post Office Address, Telephone
**7 Dey Street -8th Floor**
**NEW YORK, NEW YORK 10007**
**TEL. 212-732-6640**

---

To:

Attorneys for

Service of the within copy
is hereby admitted.

Dated:_____
X_____

---

PLEASE TAKE NOTICE

☐   NOTICE OF ENTRY
that the within  is a (certified)  true  copy of a _____
duly entered in the office of the clerk of the within named court on          20___

☐   NOTICE OF SETTLEMENT
that an Order _____ of which the
within is a true copy will be presented for Settlement to the Hon. _____ one  of the
Judges of the within named Court at _____
on _____, 20___  at_____A.M.
Dated: New York, NY

                         YOURS ETC.
                    **GOLDMAN, FRIER, & ALTESMAN**
                    **7 DEY ST., NEW YORK, NY 10007**
                    **212-732-6640**

To:

judgment on verified complaint

X 157—Judgments on Failure to Appear or Plead, Blank Court: 11-77

COPYRIGHT 1979 BY JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS
80 EXCHANGE PL. AT BROADWAY, N. Y. C. 10004

SUPREME        COURT  OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No. 15331/07

ARROW SEAFOODS INC.

against

Plaintiff(s)

CHENONCEAUX INC. d/b/a PORTIER FINE FOODS

Defendant(s)

STATEMENT
FOR
JUDGMENT

An action against a natural person
based upon non-payment of a
contractual obligation.†

| | | | | |
|---|---|---|---|---|
| Amount claimed in Complaint (notice) | | | $ 135,121 | 69 |
| Interest from 4/29 2006 | | | 10,438 | 12 |
| | | | 145,559 | 81 |
| Costs by Statute | $ 200 | 00 | | |
| Service of Summons and Complaint (Secretary of | 50 | 00 | | |
| Affidavis State) | | | | |
| Transcripts and Docketing | | | | |
| Clerk's Fees entering Judgment | 45 | 00 | | |
| Postage | | | | |
| Sheriff's Fees on Execution | 40 | 00 | | |
| Satisfaction Piece | | | | |
| Taxing Costs | | | | |
| Fee for Index Number | 210 | 00 | 545 | 00 |
| R.J.I. | | | | |
| NOTE OF ISSUE | | | | |
| Costs taxed at $ | | | | |
| ATTORNEYS FEES | | | | |

I hereby certify that I have
taxed this bill of costs at
$45

Hector L. Diaz

AUG 07 200

Clerk

Total................. $ 146,104.81

STATE OF NEW YORK, County of NEW YORK

ATTORNEY'S AFFIRMATION

The undersigned, attorney at law of the State of New York associated with GOLDMAN, FRIER & ALTESMAN, 7
Dey Street, New York, NY 10007                                          attorney(s) of record for the plaintiff(s)
herein, states that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are
reasonable in amount; that the time of the defendant(s) to appear or answer herein has expired and that the said defendant(s) has not appeared
or answered herein. The undersigned affirms this statement to be true under the penalties of perjury.

Dated:  NEW YORK, NY
        JULY 18, 20

RONALD H. FRIER  The name signed must be printed beneath

JUDGMENT entered the                    day of                    20

The summons and complaint
CHENONCEAUX INC. d/b/a PORTIER FINE FOODS                         in this action having been personally served on

defendant  herein and the time of said defendant  to appear or answer having expired, and said defendant  not having
appeared or answered herein.

NOW, ON MOTION OF  GOLDMAN, FRIER & ALTESMAN
attorney(s) for plaintiff(s), it is

ADJUDGED that
ARROW SEAFOODS INC.                                                              plaintiff(s),
residing at 800 FOOD CENTER DRIVE, UNIT 66, BRONX, NY 10474
do recover of
CHENONCEAUX INC. d/b/a PORTIER FINE FOODS                                        defendant
residing at  436 WAVERLY AVENUE, MAMARONECK, NY 10543
the sum of $ 145,559      together and with interest with $ 545.00      costs and disbursements.
amounting in all to the sum $ 146,104 81      and that the plaintiff  have execution therefor.

Hector L. Diaz

FILED-RECORDED

*Index No.*  15331/07

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX

ARROW SEAFOODS INC.

07 AUG -7 PM 2:39

COUNTY CLERK
BRONX COUNTY

*Plaintiff(s)*

*against*

CHENONCEAUX INC. d/b/a PORTIER
FIND FOODS

*Defendant(s)*

# 𝕵𝖚𝖉𝖌𝖒𝖊𝖓𝖙 𝕽𝖔𝖑𝖑

GOLDMAN, FRTER & ACCOSTA

*Attorney(s) for Plaintiff(s)*

*Office and Post Office Address*

*Amount and interest,*  $  148  545.00

*Costs and disbursements,*  $  148,760.52

*Filed*        *o'clock*    M.

*at*              *19*

Judgment entered by

**E.F.**   on _____

AUG 07 201

# R.J.I.

At an IA Part of the State of New York held in the
County of Bronx, at the Supreme Courthouse
thereof, located at 851 Grand Concourse, on the
21st day of September, 2007

PRESENT **LARRY S. SCHACHNER**
HON.

        J.S.C.

-----------------------------------------------X

              <u>ORDER TO SHOW
CAUSE</u>
Index No. 15331/07

ARROW SEAFOODS INC.,

          Plaintiffs,

        -against-

CHENONCEAUX, INC., d/b/a PORTIER FINE FOODS,
          Defendant,

------------------------------------------------X

    **UPON** reading and filing the annexed affirmation of WARREN GOODMAN,

dated September 12, 2007 in support of this application by Plaintiff, the affidavit of

Patrick Portier sworn to on September 12, 2007, and upon the papers, proceedings and

the exhibits had herein, and sufficient cause appearing therefor, it is

    **ORDERED**, that the plaintiff show cause before this Court at an IAS Part 21

ROOM 217 thereof, to be held at the Courthouse thereof, located at 851 Grand Concourse, Bronx,

New York, on the 10th day of October September 2007, at 9:30 o'clock in the forenoon of that

day, or as soon thereafter as counsel may be heard,

**WHY** an order should not be made and entered in favor of defendant pursuant to CPLR 5015(a) and 2005, et seq. vacating the default and judgment in this action, allowing defendant's answer to be interposed nunc pro tunc, allowing this case to go forward on the merits, and for any other relief that this court deems just and proper;

**UPON** the grounds that:

The defendant has made an adequate showing of reasonable excuse;

The defendant has made an adequate showing of merit;

**ORDERED**, that pending the hearing ~~and determination~~ of the within motion ~~and the entry of an order thereon~~, that the plaintiff and any of its agents, employees, attorneys, or a Marshall or Sheriff acting on Plaintiff's behalf, be and they are enjoined and stayed from proceeding in this case; and they are enjoined, stayed and restrained from enforcing the judgment of this court in any way whatsoever, and that any judgment, levy or restraining notice obtained or sent by plaintiff be deemed vacated; and it is further

**ORDERED**, that sufficient cause appearing thereon, let service of a copy of this Order and the papers upon which it is granted ~~by by Overnight Mail or Delivery~~ Personal Service pursuant to C.P.L.R. 2103(B) 1 or 3 be made upon the attorneys for plaintiff, Goldman, Frier and Altesman, 7 Dey St., (8th floor) NY, NY 10007 Esq., on or before the 28th day of September 2007, be deemed good and sufficient service and notice of this application.

E N T E R :

J.S.C.

9/21/07

**LARRY S. SCHACHNER**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X

AFFIRMATION
IN SUPPORT

Index No.  15331/07

ARROW SEAFOODS INC.,

                Plaintiff,

        -against-

CHENONCEAUX, INC., d/b/a PORTIER FINE FOODS,

                Defendant,

-------------------------------------------------------------X

      WARREN S. GOODMAN, an attorney duly admitted to practice law before the

courts of the State of New York, hereby affirms the truth of the following, on

information and belief, based upon the files maintained in this action, pursuant to

CPLR 2106:

1.  I am the attorney for defendant, and I am knowledgeable about the facts in this

    litigation.  I make this affirmation in support of defendant's Order to Show

    Cause in the above-captioned matter for vacatur of a default judgment against

    my client.  Pursuant to CPLR 2004, 2005 and 5015, I also make this

    affirmation in support of defendant's request or application for an extension of

    time to interpose and re-serve an answer with leave of the court.

2.  An affidavit of merits of defendant's defense and his good and reasonable

    excuses is annexed hereto, along with the pleadings (the complaint and answer).

3. I believe my answer on behalf of my client was served by mail on June 15, 2007. That is when I prepared it, prepared the verification by Mr. Portier and notarized same, and that date is when I believe it was served, which would be timely service. Issue would have been joined as of that date. Unfortunately, my assistant who would have served the answer is no longer working with me, and did not prepare an affidavit of service before she left. Since that time, I have suffered a serious computer crash which makes reconstruction of those events a few months ago very difficult, if not impossible. Accordingly, I respectfully submit that this would be a reasonable excuse.

4. Mr. Portier, defendant's president, presents his affidavit of merits hereto as a necessary exhibit. *Investment Corporation of Philadelphia v. Spector*, 12 AD2d 911, 210 NYS2d 668 (1st Dept). In fact, Dean David Siegel, in his *New York Practice* Hornbook (West, 1978; pocket part, 1987) states at page 135 of the main text that:

> The New York rule of thumb is that a motion to vacate a default requires two showings: (1) an excuse for the default and (2) what is commonly called an "affidavit of merits," in which the defendant is required to make full disclosure of a meritorious defense. This offers assurance that vacating the default will not be a wasted effort; that the defendant does have a reasonable position on the merits and is not just wasting time.

5. Of course, CPLR 5015(a) formally enables the court to open a default judgment upon good cause ("upon the ground of an excusable default if such motion is made within one year after service of a copy of the judgment or written notice of its entry . . . ."). Here, there is no such service of the copy of the judgment. This motion is timely made, as the judgment was only entered in August 2007 (Exhibit B).

My client only recently learned of the judgment when its bank account was frozen. I also respectfully point out that this section, as well as CPLR 2004, **Extensions of Time Generally** and even 2005, **Excusable delay or default**, are remedial in nature and should therefore be construed broadly. *See*, *Mineroff v. Macy's and Co.*, 97 AD2d 535, 536 (2nd Dept. 1983).

6. There is a long-established and strong public policy that actions should be disposed of, and considered on, their merits. *See*, *Mineroff v. Macy's and Co.*, above; *Lirit v. S.H. Laufer World, Inc.* 84 AD2d 704, 443 NYS2d 734 (1st Dept). The benchmark First Department case of *Rothschild v. Haviland*, 172 App. Div. 562, 158 NYS 661, clearly stated the rule on opening defaults:

> The favor of the court should be extended upon proper terms when the litigant who has a meritorious cause of action or defense has through inadvertence or neglect lost his right to have his day in court. The favor should be withheld when it is not shown that there is a meritorious controversy, for the court should not be burdened with unfounded claims to relief nor should a just cause be delayed by the interposition of an unwarranted defense. Insistence on the observance of the rule makes for the orderly administration of justice, and is not the enforcement of a mere technical rule of practice.

More recently, the Fourth Department, in *Matter of Raichle, Moore, Banning & Weiss*, 14 AD2d 830, 220 NYS2d, has stated that:

> It is the general policy of the courts to permit actions to be determined by a trial on the merits wherever possible and for that purpose a liberal policy is adapted with respect to opening default judgments in furtherance of justice to the end that the parties may have their day in court to litigate the issues.

7. There are several factors a court takes into account when deciding a motion to vacate a default and allow an adjudication on the merits. These include: the

meritorious nature of the defense, whether neglect was excusable, lack of

prejudice, brevity and non-deliberateness of the delay and a good faith intent to

defend or prosecute the action." *Stolpiec v. Wiener*, 100 AD2d 931, 932 (2nd

Dept. 1984). Defendant contends that all of these factors are present here.

8. The *Mineroff* Court , cited in par. 9, supra, is further instructive, holding that

> [a] proper exercise of discretion in cases like this requires a balanced
> consideration of all relevant factors including, *inter alia*, the merit or lack of
> merit of the action, the seriousness of the injury, the potential prejudice to the
> other party, and the intent or lack of intent to deliberately default or abandon
> the action (citation omitted).

9. As stated earlier, Patrick ~~Kirwin's~~ Bremer's affidavit of merits is annexed hereto as

exhibit A.

10. As stated above, defendant only learned of the judgment when its bank account

was recently attached.

10. For all of the above reasons, it is respectfully submitted that defendant's

application by order to show cause for a default judgment against defendant be

granted in its entirety; that any default against defendant be deemed vacated or

non-existent; that defendant be allowed leave of court to re-serve an answer at

this time, and for other and further relief as the court may deem proper.

11. No prior application for the relief sought herein has been made before this or any other court.

WHEREFORE, it is respectfully submitted that the instant order to show cause

. be granted in its entirety, and decided in accordance with the above.

Dated: Larchmont, New York
        September 12, 2007

WARREN S. GOODMAN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
ARROW SEAFOODS INC.,

                    Plaintiffs,

      -against-

                                       Index No. 15331/07

CHENONCEAUX, INC., d/b/a PORTIER FINE FOODS

                                       <u>AFFIDAVIT</u>

                    Defendant,
-------------------------------------------------------------------X

Patrick Portier, being duly sworn, hereby deposes and says:

1. I am the President of the Defendant in this action.

2. I make this affidavit in support of the instant motion to vacate the judgment and for such other relief as the court deems just and proper.

3. During the time the parties did business, the plaintiff (by Mr. Smith, its principal) sold the defendant products which were not proper and fit for its purpose (farmed salmon for curing and smoking), and were nonconforming, and were returned. The defendant is a fish smokehouse and which smokes fish, including salmon, and also does wholesale and retail sales of its product. The salmon sold by plaintiff to defendant were mature, contrary to my company's order. Mature fish have much larger heads, low yield and less body fat and also are have a different color flesh which renders them less saleable. The flesh also had a poor consistency from time to time. I felt as if defendant was being overcharged by plaintiff.

4. In the Fall of 2006, plaintiff and Mr. Smith eventually acquiesced to defendant's complaints, and reduced its price almost by half, from $3.75 per lb. to $1.75 per lb.

5. On behalf of defendant, I contest responsibility for the debt. The amount sued on is also excessive and inaccurate.

6. I leave the arguments on the law to the corporation's attorney.

PATRICK PORTIER

Sworn to before me this day of September 2007

NOTARY PUBLIC, STATE OF NEW YORK

WARREN S. GOODMAN
Notary Public, State of New York
No. 5003123
Qualified in Westchester County
Commission Expires Oct. 19, 20___

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  BRONX
------------------------------------------X
ARROW SEAFOODS INC.

                Plaintiff,

      -against-
CHENONCEAUX INC. d/b/a PORTIER FINE FOODS

                Defendant.
------------------------------------------X

**COMPLAINT**

15331 - 0

**INDEX NO.**

     Plaintiff, complaining of the defendant, by its attorneys, GOLDMAN, FRIER & ALTESMAN, respectfully alleges as follows:

     FIRST:          At all times herein mentioned, plaintiff was and still is a New York corporation organized and existing under and by virtue of the laws of the State of New York existing at 800 Food Center Drive, Unit 66, Bronx, NY 10474 in the County of Bronx.

     SECOND:        Upon information and belief, defendant is a New York corporation having its principal place of business at 436 Waverly Avenue, Mamaroneck, NY 10543 in the County of WESTCHESTER.

                  **AS AND FOR A FIRST CAUSE OF ACTION**

THIRD:                    That pursuant to the defendant's special instance and request plaintiff sold and delivered to the defendant certain goods, wares and merchandise consisting of fish and or seafood on or about June 13, 2006 to December 22, 2006 for an agreed price and reasonable value upon which there ~~remains an unpaid balance~~ due and owing in the sum of $135,121.69 no part of which sum has been paid although past due and duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION

FOURTH:                    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "FIRST", "SECOND" and "THIRD" of plaintiff's Complaint as if set forth herein at length.

FIFTH:                    This is an action for an account stated. On or about December 22, 2006 a statement of account was rendered to the defendant by the plaintiff on which statements, after any payments and credits have been deducted total the sum of $135,121.69 which was accepted and retained by the defendant without objection.

WHEREFORE, plaintiff demands judgment against the defendant in the sum of $135,121.69 as well as interest from June 13, 2006, costs and disbursements in this action on the "FIRST" and "SECOND" causes of action  with such other and further relief as to this Court seems proper.

Yours, etc.
GOLDMAN, FRIER & ALTESMAN
Attorneys for Plaintiff
Office & P.C. Address:
Seven Dey Street
New York, New York 10007
(212) 732-6640

C:\My Documents\GFA\GFA LEGAL FORMS\SUPREME COURT SUMMONS AND COMPLAINTS\SUPREME-GSD .doc

OF NEW YORK, COUNTY OF                                                              ss.:

ndersigned, an attorney admitted to practice in the courts of New York State,
certify that the within
has been compared by me with the original and found to be a true and complete copy.
state that I am
the attorney(s) of record for
 action; I have read the foregoing                                                   in the su
the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matt
believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

that the foregoing statements are true, under the penalties of perjury.

OF NEW YORK, COUNTY OF    BRONX                                   ss.:

ndersigned, being duly sworn, depose and say: I am
in the action; I have read the foregoing

as to the matters therein stated to be alleged on information and belief, and know the contents thereof; the same is true to my own knowledge, ex
the   *VICE  PRESIDENT*    of      ARROW SEAFOODS INC.
a     NEW YORK
—COMPLAINT—                  corporation and a party in the within action; I have read the forego
as to the matters therein stated to be alleged upon information and belief, and the same is true to my own knowle
erification is made by me because the above party is a corporation and I am an officer thereof.
nds of my belief as to all matters not stated upon my own knowledge are as follows:

The above signed must be printed beneath

efore me on

Jane M Murphy Notary Public
State Of New York No. 03-4662856
Q...lied In Bronx County
C...ate Filed In New York City
Commission Expires  9/30/09

X  Robert Smith
    ROBERT SMITH

F NEW YORK, COUNTY OF                                            ss.:
ersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

I served the within
by mailing a copy to each of the following persons at the last known address set forth after each name below:
by delivering a true copy of each personally to each person named below at the address indicated. I knew each person
to be the person mentioned and described in said papers as *a party therein*:
by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-Ma
at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by maili
copy to the address set forth after each name.
by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each
below.

**Exhibit B**

judgment on verified complaint

X 157—Judgment on Failure to Appear or Plead. Blank Court: 11-77.

COPYRIGHT 1971 BY JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS
80 EXCHANGE PL. AT BROADWAY, N. Y. C. 10004

SUPREME            COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                                      Index No. 15331/07

ARROW SEAFOODS INC.                                 STATEMENT
                                                      FOR
                                        Plaintiff(s)  JUDGMENT

                against

CHENONCEAUX INC. d/b/a PORTIER FINE FOODS            An action against a natural person
                                                     based upon non-payment of a
                                        Defendant(s)  contractual obligation.†

| | | | | |
|---|---|---|---|---|
| Amount claimed in Complaint (notice) | | | $ 135,121 | 69 |
| Interest from 4/29 2006 | | | 10,438 | 12 |
| | | | 145,559 | 81 |
| Costs by Statute | $ 200 | 00 | | |
| Service of Summons and Complaint (Secretary of State) | 50 | 00 | | |
| Affidavits | | | | |
| Transcripts and Docketing | | | | |
| Clerk's Fees entering Judgment | 45 | 00 | | |
| Postage | | | | |
| Sheriff's Fees on Execution | 40 | 00 | | |
| Satisfaction Piece | | | | |
| Taxing Costs | | | | |
| Fee for Index Number | 210 | 00 | 545 | 00 |
| R.J.I. | | | | |
| NOTE OF ISSUE | | | | |
| Costs taxed at $ | | | | |
| ATTORNEYS FEES | | | | |

I hereby certify that I have
taxed this bill of costs at
$45
Hector L. Diaz
AUG 07 2007
                                                  Clerk

Total.............$ 146,104.81

STATE OF NEW YORK, COUNTY OF NEW YORK

ATTORNEY'S AFFIRMATION

The undersigned, attorney at law of the State of New York associated with GOLDMAN, FRIER & ALTESMAN, 7 Dey Street, New York, NY 10007 attorney(s) of record for the plaintiff(s) herein, states that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount; that the time of the defendant(s) to appear or answer herein has expired and that the said defendant(s) has not appeared or answered herein. The undersigned affirms this statement to be true under the penalties of perjury.

Dated: NEW YORK, NY
JULY 18, 2007

RONALD H. FRIER    The name signed must be printed beneath

JUDGMENT entered the            day of            20

The summons and complaint
CHENONCEAUX INC. d/b/a PORTIER FINE FOODS                    in this action having been personally served on

defendant   herein and the time of said defendant   to appear or answer having expired, and said defendant   not having appeared or answered herein

NOW, ON MOTION OF GOLDMAN, FRIER & ALTESMAN
attorney(s) for plaintiff(s) it is,

ADJUDGED that
ARROW SEAFOODS INC.                                              plaintiff(s).
residing at 800 FOOD CENTER DRIVE, UNIT 66, BRONX, NY 10474
do recover of
CHENONCEAUX INC. d/b/a PORTIER FINE FOODS                       defendant
residing at 436 WAVERLY AVENUE, MAMARONECK, NY 10543
the sum of $ 145,559.81   the amount claimed with interest with $ 545.00   costs and disbursements,
amounting in all to the sum of $ 146,104.81 . and that the plaintiff   have execution therefor.

Hector L. Diaz

"B"

Index No. 15331/07
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

ARROW SEAFOODS INC.,

                        Plaintiff,

             -against-

CHENONCEAUX, INC., d/b/a PORTIER FINE FOODS,
                        Defendant,

------------------------------------------------------------------X


ORDER TO SHOW CAUSE AND EXHIBITS


                             LAW OFFICES
-----------------------------------------------
22 NYCRR 130-1.1-a COMPLIANCE
                   WARREN S. GOODMAN
                   Attorney for Defendant
                   138 CHATSWORTH AVE.
                   LARCHMONT, NY 10538
                      (914) 833-2930
                   FOX 914-833-2848
To:

Attorney for

Service of a copy of the within                          is hereby
admitted.

Dated:

                        Attorney(s) for

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
ARROW SEAFOODS INC.,

                              Plaintiffs,

       -against-
                                              Index No. 15331/07
CHENONCEAUX, INC., d/b/a PORTIER FINE FOODS
                                              VERIFIED ANSWER
                       Defendant,

-------------------------------------------------------------------X

Defendant CHENONCEAUX, INC., by its attorney, WARREN S. GOODMAN, ESQ., as and for

their Verified Answer to the Verified Complaint, alleges upon information and belief as follows:

     1.     Denies the allegation in the Complaint numbered "First" for lack of knowledge on

information sufficient to form a belief

     2.     Admits the allegations contained in paragraph   "2" of the Verified Complaint,.

### ANSWERING THE FIRST CAUSE OF ACTION

     3.     Denies the allegations contained in paragraph "3" of the Verified Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

     4. Repeats, reiterates and realleges each and every allegation contained in the paragraphs "1:

"2", "3" and "4" of Verified Complaint.

     5. Denies each and every allegation contained in the paragraph "5" of Verified Complaint.

### AS AND FOR AFFIRMATIVE DEFENSES

     6. The plaintiff sold defendant products which were not proper and fit for consumption,

       and were nonconforming, and were returned.

     7. The amount sued on is excessive and inaccurate.

WHEREFORE, the answering defendant demands judgment dismissing the Verified Complaint, and also the costs, interest and disbursements of this action, and such other and further relief as the court deems just and proper.

Dated:  Larchmont, New York,
        June 15, 2007

                              Yours, etc.

                              WARREN S. GOODMAN, ESQ.
                              Attorney for Defendant
                              138 Chatsworth Ave.
                              Larchmont, NY 10538
                              (914) 833-2930
                              Fax (914) 833-2848

To:     GOLDMAN FRIER & ALTESMAN
         Attorney for Plaintiff
         Seven Day Street
         New York, NY 10007

## VERIFICATION

STATE OF NEW YORK)

                   ss:

COUNTY OF WESTCHESTER)

      PATRICK PORTIER, being duly sworn, hereby deposes and says:

      I am the President of Defendant in the action herein: I have read the annexed

Verified Answer and know the contents thereof and the same are true to my knowledge,

except those matters therein which are stated on information and belief, and as to those

matters I believe them to be true.

                                    PATRICK PORTIER

Sworn to before me this

15 day of June 2007

Notary Public

WARREN GOODMAN, ESQ
138 CHATSWORTH AVE.
LARCHMONT, NY 10538

WARREN S. GOODMAN
Notary Public, State of New York
No. 5003123
Qualified in Westchester County
Commission Expires Oct. 19, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X

ARROW SEAFOODS INC.,

                       PLAINTIFF,

        against

CHENONCEAUX, INC.

                     DEFENDANT
-----------------------------------------------------------X

                             STIPULATION

                             INDEX NO. 15331/07

IT IS HEREBY STIPULATEDAND AGREED, BY AND BETWEEN THE

UNDERSIGNED, THE ATTORNEYS FOR THE PARTIES IN THE ABOVE ACTION,

that the pending Order to Show Cause is resolved as follows:

1. The pending Order to Show Cause to vacate the default judgment is granted and the default judgment is vacated in its entirety;

2. All levies, garnishments, restraints or restrictions on defendant's bank or other accounts are vacated in their entirety;

3. The Defendant's answer is deemed served and is accepted by plaintiff in the form attached to the moving papers;

4. All jurisdictional defenses are waived by defendant;

5. The Plaintiff shall have 45 days to serve an amended complaint.

6.  A fax copy or Xerox of any signature hereto shall have the full force and effect of

an original signature.

Dated:  Larchmont, NY
        October 19, 2007


GOLDMAN FRIER & ALTESMAN
ATTORNEY FOR PLAINTIFF
SEVEN DAY STREET
NEW YORK, NY 10007
Phone:  (212) 732-6640
Fax:  (212) 732-6644


WARREN GOODMAN, ESQ.
ATTORNEY FOR DEFENDANT
138 CHATSWORTH AVE.
LARCHMONT, NY 10538
Phone:  (914) 833-2930
Fax:  (914) 833-2848

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

*Index No.*    15331/07

ARROW SEAFOODS INC.

*Plaintiff(s)*

Plaintiff designates BRONX
County as the place of trial.

-against-

The basis of the venue designated is:
The Plaintiff resides in
the County of Bronx

CHENONCEAUX INC. d/b/a PORTIER FINE FOODS

*Defendant(s)*

**Summons**

Plaintiff resides at: 800 Food Center Drive
Unit 66, Bronx, NY 10474
in the County of  BRONX

To the above named defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York) ; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded, herein.

Dated, New York, NY
    April 25, 2007

Defendant's Address:
436 Waverly Ave.
Mamaroneck, NY  10543

GOLDMAN, FRIER, & ALTESMAN
*Attorneys for Plaintiff*
*Post office Address & Telephone*
**Seven Dey Street**
**New York, NY 10007**
**212-732-6640**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

*Index No.*

15331/07

ARROW SEAFOODS INC.

*Plaintiff(s)*

vs.

CHENONCEAUX INC. d/b/a PORTIER FINE FOODS

*Defendant) s)*

## SUMMONS
*Action not based
upon a Consumer Credit Transaction*

### GOLDMAN, FRIER, & ALTESMAN
*Attorneys for Plaintiff*
**SEVEN DEY STREET
NEW YORK, NY 10007
212-732-6640**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
ARROW SEAFOODS INC.                              AMENDED
                                                 COMPLAINT
                    Plaintiff,


          -against-
CHENONCEAUX INC. d/b/a PORTIER FINE FOODS
                                                 INDEX NO.15331/07


                    Defendant.
----------------------------------------X

     Plaintiff, complaining of the defendant, by its attorneys,
GOLDMAN, FRIER & ALTESMAN, respectfully alleges as follows:


     FIRST:          At all times herein mentioned, plaintiff
was and still is a New York corporation organized and existing
under and by virtue of the laws of the State of New York
existing at 800 Food Center Drive, Unit 66, Bronx, NY  10474 in
the County of Bronx.


     SECOND:          Upon information and belief, defendant is
a New York corporation having its principal place of business at
436 Waverly Avenue, Mamaroneck, NY 10543 in the County of
WESTCHESTER.


              **AS AND FOR A FIRST CAUSE OF ACTION**

THIRD:                    That pursuant to the defendant's special instance and request plaintiff sold and delivered to the defendant certain goods, wares and merchandise consisting of fish and or seafood on or about June 13, 2006 to December 22, 2006 for an agreed price and reasonable value upon which there remains an unpaid balance due and owing in the sum of $135,121.69 no part of which sum has been paid although past due and duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION

FOURTH:                    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "FIRST", "SECOND" and "THIRD" of plaintiff's Complaint as if set forth herein at length.

FIFTH:                    This is an action for an account stated. On or about December 22, 2006 a statement of account was rendered to the defendant by the plaintiff on which statements, after any payments and credits have been deducted total the sum of $135,121.69 which was accepted and retained by the defendant without objection.

## AS AND FOR A THIRD CAUSE OF ACTION

SIXTH:                    Plaintiff repeats, reiterates and
realleges each and every allegation contained in paragraphs
"FIRST", "SECOND" and "THIRD" of plaintiff's Complaint as if set
forth herein at length.

SEVENTH:                    This is an action to recover on 9
checks (as attached) made and issued by the corporate defendant
to the order of the plaintiff which were issued for valuable
consideration. Said 9 checks total the sum of $37,286.77
no part of which sum has been paid although past due and duly
demanded. Check # 1741 for $3,100.14 was deposited by plaintiff
but said check failed to clear the bank since the defendant
without right stopped payment on said check. Despite having been
duly presented for payment, no part of said $3,100.14 has been
paid. The balance of the attached checks totaling $37,286.77
were made and issued by the defendant for valuable consideration
but plaintiff did not deposit those checks only because the
defendant's principal(s) advised plaintiff not to deposit the
checks defendant advised plaintiff that there would not be
sufficient funds in the defendant's bank account for the checks
to clear. No part of the entire sum of $37,286.77 has been paid

although past due and duly demanded. The last of the checks was dated October 26, 2006.

WHEREFORE, plaintiff demands judgment against the defendant in the sum of $135,121.69 as well as interest from June 13, 2006, costs and disbursements in this action on the "FIRST" and "SECOND" causes of action with such other and further relief as to this Court seems proper and

plaintiff demands judgment against the defendant in the sum of $37,286.77 as well as interest from October 26, 2006 and costs and disbursements in this action on the "THIRD" cause of action  with such other and further relief as to this Court seems proper.

Yours, etc.
GOLDMAN, FRIER & ALTESMAN
Attorneys for Plaintiff
Office & P.O. Address:
Seven Dey Street
New York, New York 10007
(212) 732-6640

C:\My Documents\GFA\GFA FILES\chenenceaux-1 arrow.doc



* NOTICE *



Bounce

CHENONCEAUX, INC.
436 WAVERLY AVENUE
MAMARONECK, NEW YORK 10543
www.portierfinefoods.com

052508

PAY
TO THE
ORDER OF    Arrow Seafoods, Inc.

10/5/2006

Five Thousand Eighty-One and 07/100**************************    **5,081.07

DOLLARS

Arrow Seafoods, Inc.
800 Food Center Drive
Unit 66
Bronx, NY 10474

MEMO

AUTHORIZED SIGNATURE

⑈052508⑈ ⑈026013673⑈ ⑈9193004 70⑈

CHENONCEAUX, INC.

Arrow Seafoods, Inc.

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 05/10/2006 | Bill | 52576K | 2,140.96 | 255.91 | | 255.91 |
| 05/12/2006 | Bill | 526387 | 4,135.24 | 4,135.24 | | 4,135.24 |
| 05/15/2006 | Bill | 526524 | 3,170.57 | 3,170.57 | | 689.92 |

10/5/2006    052508

Check Amount    5,081.07

Commerce Chenonceaux

5,081.07



CHENONCEAUX, INC.
436 WAVERLY AVENUE
MAMARONECK, NEW YORK 10543
www.portierfinefoods.com

1745

PAY
TO THE
ORDER OF    Arrow Seafood

DATE  10/17/06

$ 4500

DOLLARS

FOR  9/25-9/26 Hunt

⑈001745⑈ ⑈026013673⑈ ⑈9193004 70⑈



052623



052624



CHENONCEAUX, INC.
436 WAVERLY AVENUE
MAMARONECK, NEW YORK 10543
www.porterfinefoods.com

052625

Commerce Bank
America's Most Convenient Bank
1-1367/260
471

10/20/06

PAY TO THE ORDER OF   Arrow Seafood     $ 4633 ⁱ⁰

DOLLARS

MEMO   9/28 (Half)     AUTHORIZED SIGNATURE

⑆052625⑆ ⑈026013673⑈   79193004 70⑈

CHENONCEAUX, INC.

052625

---

CHENONCEAUX, INC.
436 WAVERLY AVENUE
MAMARONECK, NEW YORK 10543
www.porterfinefoods.com

1765

1-1367/260
471

PAY TO THE ORDER OF   Arrow Seafood     DATE 10/23/06     $ 3590 71

DOLLARS

Commerce Bank
America's Most Convenient Bank
1-800-YES-2000

FOR   10/2

⑆001765⑆ ⑈026013673⑈   79193004 70⑈

OK# 1765



CK# 1766

\TE OF NEW YORK, COUNTY OF _____ ss.:

e undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney**  certify that the within _____
has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation**  state that I am _____
the attorney(s) of record for _____                                              in the within
action; I have read the foregoing                                         and know the contents thereof;
the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters
I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

firm that the foregoing statements are true, under the penalties of perjury.

:ed:                                                                          .....................................................................................
                                                                                    **The name signed must be printed beneath**

\TE OF NEW YORK, COUNTY OF  **BRONX**                    ss.:

he undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification**  _____ in the action; I have read the foregoing
*Robert Smith*                                         and know the contents thereof; the same is true to my own knowledge, except
as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☒ **Corporate Verification**  the  **VICE PRESIDENT**  of  **ARROW SEAFOODS INC.**
a    **NEW YORK**                                    corporation and a party in the within action; I have read the foregoing
----**AMENDED COMPLAINT**-------------and know the contents thereof; and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This
verification is made by me because the above party is a corporation and I am an officer thereof.

e grounds of my belief as to all matters not stated upon my own knowledge are as follows:

vorn to before me on  *Nov 02 2007*                    X _____
                                                                              **The name signed must be printed beneath**
                              Jane M Murphy Notary Public
                              State Of New York No. 03-4652856                 **ROBERT SMITH**
                              Qualified In Bronx County
                              Commerts Filed In New York Cty
TATE OF NEW YORK, COUNTY OF _____  Commission Expires  9/30/09  ss.:   (If more than one box is checked—indicate after names type of service used.)
the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

n                                          I served the within
☐ **Service By Mail**  by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual**  by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served
to be the person mentioned and described in said papers as *a party therein:*

☐ **Service by Electronic Means**  by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL
at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a
copy to the address set forth after each name.

☐ **Overnight Delivery Service**  by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name
below.

ARROW SEAFOODS INC.

                                    Plaintiff,

                 -against-

CHENONCEAUX INC. d/b/a PORTIER FINE FOODS

                                    Defendant.

SUMMONS AND VERIFIED AMENDED COMPLAINT

**GOLDMAN, FRIER, & ALTESMAN**
Attorneys for Plaintiff
Office and Post Office Address, Telephone
**7 Dey Street -8th Floor**
**NEW YORK, NEW YORK 10007**
**TEL. 212-732-6640**

To:

                                    Service of the within copy
is hereby admitted.

Attorneys for                       Dated:_____
                                    X_____

**PLEASE TAKE NOTICE**

☐  NOTICE OF ENTRY
that the within is a (certified) true copy of a _____
duly entered in the office of the clerk of the within named court on
                                    20___

☐  NOTICE OF SETTLEMENT
that an Order _____of which the
within is a true copy will be presented for Settlement to the Hon. _____one of the
Judges of the within named Court at _____
on _____, 20___ at_____A.M.
Dated: New York, NY

                                  **YOURS ETC.**
                    **GOLDMAN, FRIER, & ALTESMAN**
                  **7 DEY ST., NEW YORK, NY 10007**
                      **212-732-6640**

To:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
ARROW SEAFOODS INC.,

                    Plaintiffs,

        -against-                 Index No. 15331/07

CHENONCEAUX, INC., d/b/a PORTIER FINE FOODS

                    Defendant,      <u>VERIFIED AMENDED ANSWER</u>

-------------------------------------------------------------X

Defendant CHENONCEAUX, INC., by its attorney, WARREN S. GOODMAN, ESQ., as and for

their Verified Answer to the Verified Complaint, alleges upon information and belief as follows:

    1.    Denies the allegation in the Complaint numbered "First" for lack of knowledge on

information sufficient to form a belief

    2.    Admits the allegations contained in paragraph "2" of the Verified Complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

    3.    Denies the allegations contained in paragraph "3" of the Verified Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

4. Repeats, reiterates and realleges each and every response to the allegations contained in

the previous paragraphs of Verified Complaint as if set forth again at length.

5. Denies each and every allegation contained in the paragraph "5" of Verified Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

6. Repeats, reiterates and realleges each and every response to the allegations contained in

the previous paragraphs of Verified Complaint as if set forth again at length.

7. Denies the allegations contained in par. "7" of the Verified Complaint.

## AS AND FOR AFFIRMATIVE DEFENSES

8. The plaintiff sold defendant products which were not proper and fit for consumption, and were nonconforming, and were returned.

9. The amount sued on is excessive and inaccurate.

WHEREFORE, the answering defendant demands judgment dismissing the Verified Complaint, and also the costs, interest and disbursements of this action, and such other and further relief as the court deems just and proper.

Dated: Larchmont, New York,
        December 10. 2007

                      Yours, etc.

                      WARREN S. GOODMAN, ESQ.
                      Attorney for Defendant
                      138 Chatsworth Ave.
                      Larchmont, NY 10538
                      (914) 833-2930
                      Fax (914) 833-2848

To:    GOLDMAN FRIER & ALTESMAN
        Attorney for Plaintiff
        Seven Day Street
        New York, NY 10007

# WARREN S. GOODMAN
## ATTORNEY-AT-LAW
### 138 CHATSWORTH AVENUE
### LARCHMONT, NEW YORK 10538
### (914) 833-2930
### FAX (914) 833-2848

## FAX COVER SHEET

**DATE:** 12.12.07

**TO:** RON FRIER

**FAX:** (212) 732-6644

**FROM:** Warren S. Goodman

**PHONE:** (914) 833-2930          **FAX:** (914) 833-2848

**RE:** ARROW SEAFOODS, INC. V. CHENONCEAUX, INC.

Number of pages, including cover sheet: (3)

**REMARKS:**     Urgent

_For Your Review_

Reply ASAP

Please comment

**MESSAGE:**

VERIFICATION TO FOLLOW.

*Thank You,*

*Warren S. Goodman, Esq.*

The information in this fax message is intended only for the PERSONAL AND CONFIDENTIAL use of the designated recipient named above. The message may be an attorney-client communication, and as such is PRIVILEGED AND CONFIDENTIAL. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail.